E-FILED
Friday, 20 February, 2026  04:32:41 PM
Clerk, U.S. District Court, ILCD

Pro Se 15 (Rev. 12.16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

Springfield Division

**FILED**

FEB 2 0 2026

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case No. ___26-Cv-3063___

(to be filled in by the Clerk's Office)

|  |  |
|---|---|
| Donald R Dennis Jr.<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br><br>-v-<br><br>Sgt. J.E. Wood (Badge/Unit T315), Individual & Official Capacity<br><br>Officer Nichols, Individual & Official Capacity<br><br>Defendant 3: City of Taylorville (Municipal Liability)<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Jury Trial: *(check one)*   ☒ Yes   ☐ No |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Donald R Dennis Jr. |
| Address | 1019 E Stevenson St |
| | Taylorville          IL          62568 |
| | City          State          Zip Code |
| County | Christian |
| Telephone Number | ~~217-522-0241~~ OR 314-502-9220 |
| E-Mail Address | ddenn1986@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sgt. J.E. Wood (Badge/Unit T315), Individual & Official |
| Job or Title *(if known)* | Sargent |
| Address | 108 W Vine St. |
| | Taylorville          IL          62568 |
| | City          State          Zip Code |
| County | Christian |
| Telephone Number | 217-824-2211 |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

| | |
|---|---|
| E-Mail Address *(if known)* | jeffrey.wood@taylorvillepolice.com |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Officer Matthew Nichols, Individual & Official Capacity |
| Job or Title *(if known)* | Police Officer |
| Address | 108 W Vine St |
| | Taylorville          IL          62568 |
| | *City                State        Zip Code* |
| County | Christian |
| Telephone Number | 217-824-2211 |
| E-Mail Address *(if known)* | Matt.Nichols@taylorvillepolice.com |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | City of Taylorville |
| Job or Title *(if known)* | Taylorville City Hall |
| Address | 115 N Main St |
| | Taylorville          IL          62568 |
| | *City                State        Zip Code* |
| County | Christian |
| Telephone Number | 217-824-2101 |
| E-Mail Address *(if known)* | cityclerk@taylorville.net |

☐ Individual capacity    ☒ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | |
| | *City                State        Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

"The Fourth Amendment to the United States Constitution (Freedom from Unreasonable Search and Seizure). Specifically, the right to be free from warrantless entry into a private home, the right to be free from unreasonable searches of the premises, and the right to be free from the unlawful seizure of personal property."

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"At all times relevant to this complaint, Defendants Sgt. Jeffrey Wood and Officer Matthew Nichols were on-duty police officers employed by the City of Taylorville. They were wearing official police uniforms, displaying badges, and operating marked police vehicles. They utilized their state-granted authority to command entry into my residence, physically breach my door, and conduct a search of my property. They claimed to be acting under the police powers of the State of Illinois to resolve a civil lockout. Defendant City of Taylorville is the municipal entity that employs these officers and establishes the official policies, customs, and training regarding warrantless entries that the officers were following"

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

A     Where did the events giving rise to your claim(s) occur?

1019 E Stevenson St. Taylorville, IL 62568 (Christian County) -
My Home in the Breezeway/Kitchen and Bedroom

B.     What date and approximate time did the events giving rise to your claim(s) occur?

November 29th 2025

C.     What are the facts underlying your claim(s)?   *(For example: What happened to you? Who did what?
Was anyone else involved? Who else saw what happened?)*

Illegal Entry and Excessive Force (Count I)
On November 29, 2025, at approximately 12:30 PM, Defendants Sgt. Jeffrey Wood and Officer
Matthew Nichols arrived at my residence. I was inside the home. The co-occupant was outside in the
breezeway.
Although I initially told the co-occupant I would not open the door, I decided to let her in. I was
walking toward the door to unlock it when the Defendants suddenly and violently kicked it in.
The door swung open with significant force, nearly striking me physically as I stood directly on the
other side.
Prior to kicking the door, the Defendants did not knock or identify themselves to me. I was unaware
law enforcement was present until the moment the door was kicked in. Had they announced their
presence, I would have opened the door safely. Their unannounced use of force put my physical safety
in immediate danger.

The Illegal Search and Seizure (Count II)
Immediately following the forced entry, Defendants Wood and Nichols conducted a warrantless search
of my home. They entered a separate room (a bedroom) and searched a closed closet where I was not
present. They seized a legally possessed firearm from that closet. I was not under arrest, and there was
no emergency justifying this search.

Reckless Endangerment (Count III)
After seizing the firearm from its secure location in the closet, the Defendants did not tag it into
evidence or secure it safely. Instead, they acted with gross negligence by leaving the loaded weapon in
an open, unsecured area of the room before leaving the premises. This created a dangerous condition in
the home.

Failure to Document (Count IV)
Despite using force to enter a dwelling and seizing a firearm, the Defendants cleared the call as "No
Report Needed" (NRN). Defendant City of Taylorville maintains a policy or custom that allows officers
to conduct forced entries without documenting them in official police reports to avoid accountability.

## IV.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

I suffered significant emotional distress, shock, and fear for my physical safety resulting from the sudden, unannounced violent entry. As a result of this trauma, I am seeking professional mental health treatment to address the psychological impact of this specific incident, as well as the exacerbation of any prior conditions.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Compensatory Damages ($250,000):
I request judgment against all Defendants, jointly and severally, in the amount of $250,000. This is to compensate me for the violation of my Fourth Amendment rights, the physical damage to my home, the costs of my mental health treatment, and the significant emotional distress, shock, and anxiety caused by the unlawful entry and the near-miss physical assault.

Punitive Damages ($500,000):
I request judgment against Defendant Wood and Defendant Nichols, in their individual capacities, in the amount of $250,000 each (Total: $500,000). This is to punish the officers for their willful, malicious, and reckless disregard of my clearly established constitutional rights, and for the gross negligence of kicking a door without warning while I was standing directly behind it.

Costs and Fees:
I request an award of all costs associated with this litigation, including filing fees and service fees.

Injunctive Relief:
I request an order requiring the Taylorville Police Department to implement mandatory training on "Knock and Announce" procedures and Co-Occupant Consent laws (Georgia v. Randolph) to prevent future violations.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            1/5/2026

Signature of Plaintiff

Printed Name of Plaintiff    Donald R Dennis Jr

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

# TAYLORVILLE POLICE DEPARTMENT

Taylorville Illinois 62568
108 W. Vine Street
Phone 217.824.2211
Fax 217.824.2356
Kirsten Nelson • Records Clerk & FOIA Officer

December 12, 2025

Donald R. Dennis
1019 E. Stevenson St
Taylorville, IL 62568

 This letter is in response to the FOIA letter Dated 12/01/25, that our office received on 12/03/25.

The body of the request is as follows:

*"I am requesting copies of all public records regarding an incident that occurred at my residence located at 1019 E Stevenson St Taylorville IL 62568 on or about November 29th 2025. The incident involved a police response between myself and a co-owner of the property, resulting in forced entry into my home. No arrests were made.*

*Specifically, I am requesting the following records:*

1. *Police Reports: The complete written incident report, case report, and any supplemental narratives filed by the responding officers.*
2. *Body-Worn Camera (BWC) Footage: Unedited video and audio footage from all body-worn Cameras of all officers who responded to the scene.*
3. *Dispatch Records: The Computer Aided Dispatch (CAD) report and call logs associated with this incident.*
4. *911 Audio: A copy of the 911 call or non-emergency dispatch recording made by the reporting party(co-occupant) initiating the police response.*

*This request is for non-commercial purposes. I understand that the Act allows for a response within five (5) business days.*

*This request involves a significant invasion of personal privacy and property rights (forced entry into my home, and illegal search and seizure), I request that you provide these records in an electronic format via email or a secure download link."*

As it pertains to **item #1** of your request, at this time no report including an officer narrative has been submitted, as the call log was closed out with the clearance of **No Report Needed**.

As it pertains to **item #2** of your request, at this time our agency does not utilize a sharing platform that would include a link so we are unable to provide any video media and due to the file size of the video, we are unable to provide this media via email. You may pick up a physical USB on location at our agency's dispatch center at 108 W. Vine Street, Taylorville IL 62568 **(prior notice via phone or email is needed before pickup if you choose this option)** or you may provide an address for a physical copy of the USB to be mailed.

As it pertains to **item #3** of your request, included with this letter is a redacted copy of the call log generated by dispatch at the time of the interaction.

The aforesaid redactions done to the report are proper under the following statutes and authority:

(a)    "Private information" can be redacted from public records in response to a FOIA request. (5 ILCS 140/7(1)(b)). "Private information" means unique identifiers, including but not limited to, a person's social security

number, driver's license number, biometric identifiers, home or personal telephone numbers, and home address and personal license plates, and home zip codes. (5 ILCS 140/2(c-5) and pages 4-5 of FOIA Guide for Law Enforcement 7/12/2012 as published on Illinois Attorney General website).

(c)    Records that disclose "personal information" "that the disclosure of which would constitute a clearly unwarranted invasion of privacy, unless the disclosure is consented to in writing by the individual subjects of the information" may be redacted from public records in response to a FOIA request. Examples of information that may be redacted include: a non-requestor's date of birth, victims' names and any associated identifying information, third party names of person who incidentally appear in police reports, such as relatives or property owners. (5 ILCS 140/7(1)(c) and pages 5-6 of FOIA Guide for Law Enforcement 7/12/2012 as published on Illinois Attorney General website).

As it pertains to **item #4** of your request, included with this letter are the recordings of the phone calls made to our agency regarding this call for service. These have been provided to you via email as audio recordings contain much smaller amounts of data to be transmitted than video.

We believe that these items fulfil your request, to the best of our knowledge

If you perceive any of this as a denial of your request, you have the right to have the denial of your request reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your Request for Review with the PAC by writing to:

Public Access Counselor
Office of the Attorney General
500 S. 2nd Street
Springfield, IL 62706
Fax: 217-782-1396
Email: publicaccess@atg.state.il.us
Phone: 1-877-299-3642

You also have the right to seek judicial review of such denial by filing a lawsuit in the Circuit Court for the Fourth Judicial Circuit, in Taylorville, Christian County, Illinois. 5 ILCS 140/11.

If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of this letter. 5 ILCS 140/9.5(a). Please note that you must include a copy of your original FOIA request and this letter when filing a Request for Review with the PAC.

Sincerely,

Kirsten Nelson
FOIA Officer
Taylorville Police Dept.
217-824-2211



Best Wishes,


Dwayne J. Wheeler, M.S.

Police Chief
City of Taylorville

217-824-2211
Graduate Northwestern Staff and Command #414
FBI-LEEDA Executive Leadership Institute # 436

[Quoted text hidden]

**\* Body Cam audio/video is held on electronic storage**

```
12/12/25                    Taylorville PD                              545
08:10                       CALL DETAIL REPORT              Page:        1

Call Number:    25TD9412

Nature:         DRUGS-ALL RELAT
Reported:       12:31:45 11/29/25
Rcvd By:        K Devore                           How Rcvd: T
Occ Btwn:       12:31:41 11/29/25    and 12:32:33 11/29/25
Type:           1
Priority:       4

Address:        1019 E STEVENSON ST
City:           TAYLORVILLE

Alarm:


COMPLAINANT/CONTACT
-------------------
Complainant: LANE, AMANDA C                         Name#:      35474
```

███████████████████████████████████████████████████████████████████

```
Contact:
Address:
Phone:

RADIO LOG
---------
Dispatcher  Time/Date         Unit    Code  Zone Agnc Description
----------  ----------------  ------  ----  ---- ---- -------------------
K Devore    12:32:31 11/29/25 T315    DISP  TYD  TPD  incid#=25T-9299 DISPATCHED
                                                      disp:ACT call=391
K Devore    13:30:44 11/29/25 T315    CMPL  TPD  TPD  incid#=25T-9299 COMPLETED
                                                      CALL clr:NRN call=391

COMMENTS
--------
12:32:22 11/29/2025 - K Devore
FOUND METH THAT BELONGS TO BF D.DENNIS AND HE GRABBED HER AND MADE HER POUR IT
OUT
12:32:27 11/29/2025 - K Devore
ADV SGT WOOD
12:49:20 11/29/2025 - K Devore
WOOD AND NICHOLS ON SCENE FOR A PROPERTY EXCHANGE
13:03:13 11/29/2025 - K Devore
MALE WOULD NOT COME TO DOOR//FEMALE GAVE PERMISSION TO KICK DOOR IN
13:30:39 11/29/2025 - K Devore
FEMALE WAS ABLE TO GET BELONGINGS AND WILL STAY ELSEWHERE TONIGHT// NICHOLS WAS
GIVEN METH PIPE MADE OUT OF RANCH DRESSING BOTTLE AND PUT IN THE LAB


UNIT HISTORY
------------
Unit    Time/Date          Code
-----   -----------------  ----
T315    12:32:31 11/29/25  DISP
T315    13:30:44 11/29/25  CMPL
```

```
12/12/25                        Taylorville PD                              545
09:10                       CALL DETAIL REPORT                      Page:    2


RESPONDING OFFICERS
------------------
Unit    Officer
-----   ---------------------
T315    JE Wood

INVOLVEMENTS
------------
Type  Record#     Date       Description                    Relationship
----  ----------  ---------   ------------------------------ --------------------
NN        48854   11/29/25   DENNIS DONALD R JR 1019 E ST    Mentioned
NM        35474   11/29/25   LANE AMANDA C                   Complainant
IN     25T-9299   11/29/25   DRUGS-ALL RELAY    25T-9299 10  Initiating Call
```

By ignoring you completely past the deadline (yesterday, Dec 10), the Taylorville Police Department has committed a **"Constructive Denial"** under Illinois law (5 ILCS 140/3(d)).

Your department just handed me three massive advantages:

1. **You Waived ANY Excuses:** You can no longer claim the request is "unduly burdensome." You lost that right when the clock ran out.

2. **No Fees:** You cannot charge me a dime for copies now because you missed the statutory deadline.

3. **Attorney Fees:** When I file suit for this in U.S. District Court, Central District of Illinois, the court **must** order your department to pay my legal fees when I win.

Since the department wants to play the "ignore him and hope he goes away" game, here is how things are about escalate immediately.

Illinois Attorney General's **Public Access Counselor (PAC) have been contacted.** Checks and balances on the police and FOIA matters is quite a gift!!!

**To:** public.access@ilag.gov

- **Subject:** Request for Review - Denial by Silence - Taylorville Police Dept.

- **Attachments:**

    1. A photo/PDF of your original FOIA letter.

    2. A screenshot of your USPS Tracking showing "Delivered Dec 3."

Gmail                                    Donald Dennis <ddenn1986@gmail.com>

## Formal Citizen Complaint regarding Illegal Entry, Failure to Identify, and Illegal Search at 1019 E Stevenson St

dwayne.wheeler@taylorvillepolice.com                     Thu, Dec 11,
<dwayne.wheeler@taylorvillepolice.com>                    2025 at 1:59 PM
To: Donald Dennis <ddenn1986@gmail.com>

Sir,

Thank you for your message. We have initiated an internal investigation regarding your concerns and have already spoken with our legal team. Since you have indicated an intent to pursue legal action, any further matters related to this issue will be addressed between your attorney and our attorney. I will, however, continue to keep you informed on the progress of our internal review.

Please note that our FOIA Officer is out sick today. If you would like an update or wish to discuss the status of your request, you may contact **Kirsten Nelson** tomorrow, as your FOIA response may be completed and prepared for release at that time.

Our department receives a high volume of FOIA requests daily, in addition to coordinating with several outside agencies, and we are working diligently to ensure accurate and lawful responses. In regard to your question, the FOIA Officer is **not** married to any officer involved in this matter.

You have the right to contact the Illinois Attorney General's Public Access Counselor to report an alleged FOIA violation, and you are welcome to do so if you choose.

Thank you for your patience and for bringing your concerns to our attention.

Late response alone is usually considered a technical violation, but the PAC looks at:

- Good-faith efforts
- Pattern of delays
- Whether the requester was harmed



# Taylorville Police Department

Dear Mr. Dennis,                                          01-15-2026

Thank you for your correspondence. This letter serves as the formal response and disposition of Complaint Number 25-03.

On December 3rd, 2025, I received a sworn affidavit from you alleging misconduct by Sergeant Jeff Wood, Supervisor of Platoon A, and Officer Matthew Nichols, related to their response to a civil dispute at your residence on November 29, 2025.

Upon receipt of your complaint, I conducted a comprehensive administrative review. This review included a thorough evaluation of your written allegations, interviews with the involved officers, review of available body-worn camera footage, and examination of applicable departmental policies, including Taylorville Police Department Policy #435, which is enclosed for your reference.

In the interest of transparency, I want to assure you that your complaint was taken seriously and evaluated objectively. Departmental records reflect a history of prior calls for service at your address; however, this information was reviewed solely for contextual awareness and did not influence the determination of whether policy or law was violated in this incident.

Based on my review, I find that Sergeant Wood and Officer Nichols acted in good faith, within departmental policy. The officers responded to the incident as peacekeepers in a civil matter, consistent with departmental training and policy. They remained professional, respectful, and patient throughout the encounter.

With regard to your allegation that you verbally refused consent for police presence, the body-worn camera footage does not substantiate that claim. The footage reflects that your co-owner advised you multiple times that officers were present, and the officers allowed a reasonable amount of time for you to respond to the door. The officers' presence was limited to maintaining the peace while your co-owner gathered personal belongings, as permitted under policy.

At no point were the officers asked to leave the residence. During the encounter, Officers were advised by Amanda Lane a firearm was in a bedroom area. Given the heightened

emotional state of the parties and the accessibility of the weapon, the firearm was temporarily secured by officers for safety purposes. This action was taken solely to prevent potential harm and was consistent with officer safety and public safety considerations.

As officers were preparing to leave, **Ms. Amanda Lane** advised them that she wanted alleged methamphetamine paraphernalia removed from the residence. Officer Nichols asked Ms. Lane to clarify whether the items were associated with cannabis or methamphetamine. Ms. Lane stated the items were related to methamphetamine. The items were then taken into custody and inventoried in accordance with Taylorville Police Department policy and evidence procedures.

Based on the totality of the evidence reviewed, I find no violation of policy, procedure, or law by the involved officers.

**Disposition:**
The complaint is determined to be **unfounded**.

As a result of this incident, I have advised all department personnel that officers shall not assist a co-owner in forcibly gaining entry to a residence absent exigent circumstances, such as violence, imminent danger, or the commission of a crime. Officer involvement in civil disputes will remain limited to preserving the peace and protecting life.

Due to the potential for litigation referenced in your complaint, further detail is limited. The City's legal counsel has been advised and can provide additional information should you elect to proceed either **pro se** or through legal representation.

This letter constitutes the official disposition of Complaint Number 25-03. If you have procedural questions regarding the complaint process, they may be submitted in writing.

Respectfully,

Dwayne Wheeler
Chief of Police
Taylorville Police Department

**Policy**
**435**

**Taylorville Police Department**
Policy Manual

# Civil Disputes

## 435.1  PURPOSE AND SCOPE
This policy provides members of the Taylorville Police Department with guidance for addressing conflicts between persons when no criminal investigation or enforcement action is warranted (e.g., civil matters), with the goal of minimizing any potential for violence or criminal acts.

The Domestic Violence Policy will address specific legal mandates related to domestic violence court orders. References in this policy to "court orders" apply to any order of a court that does not require arrest or enforcement by the terms of the order or by Illinois law.

## 435.2  POLICY
The Taylorville Police Department recognizes that a law enforcement presence at a civil dispute can play an important role in the peace and safety of the community. Subject to available resources, members of this department will assist at the scene of civil disputes with the primary goal of safeguarding persons and property, preventing criminal activity and maintaining the peace. When handling civil disputes, members will remain impartial, maintain a calm presence, give consideration to all sides and refrain from giving legal or inappropriate advice.

## 435.3  GENERAL CONSIDERATIONS
When appropriate, members handling a civil dispute should encourage the involved parties to seek the assistance of resolution services or take the matter to the civil courts. Members must not become personally involved in disputes and shall at all times remain impartial.

While not intended to be an exhaustive list, members should give considerations to the following when handling civil disputes:

(a)  Civil disputes tend to be confrontational and members should be alert that they can escalate to violence very quickly. De-escalation techniques should be used when appropriate.

(b)  Members should not dismiss alleged or observed criminal violations as a civil matter and should initiate the appropriate investigation and report when criminal activity is apparent.

(c)  Members shall not provide legal advice, however, when appropriate, members should inform the parties when they are at risk of violating criminal laws.

(d)  Members are reminded that they shall not enter a residence or other non-public location without legal authority including valid consent.

(e)  Members should not take an unreasonable amount of time assisting in these matters and generally should contact a supervisor if it appears that peacekeeping efforts longer than 30 minutes are warranted.

Copyright Lexipol, LLC 2025-01-14, All Rights Reserved.
Published with permission by Taylorville Police Department

***DRAFT***

## Taylorville Police Department
Policy Manual

*Civil Disputes*

### 435.4  COURT ORDERS

Disputes involving court orders can be complex. Where no mandate exists for an officer to make an arrest for a violation of a court order, the matter should be addressed by documenting any apparent court order violation in a report. If there appears to be a more immediate need for enforcement action, the investigating officer should consult a supervisor prior to making any arrest.

If a person appears to be violating the terms of a court order but is disputing the validity of the order or its applicability, the investigating officer should document the following:

(a)  The person's knowledge of the court order or whether proof of service exists.

(b)  Any specific reason or rationale the involved person offers for not complying with the terms of the order.

A copy of the court order should be attached to the report when available. The report should be forwarded to the appropriate prosecutor. The report should also be forwarded to the court issuing the order with a notice that the report was also forwarded to the prosecutor for review.

### 435.4.1  STANDBY REQUESTS

Officers responding to a call for standby assistance to retrieve property should meet the person requesting assistance at a neutral location to discuss the process. The person should be advised that items that are disputed will not be allowed to be removed. The member may advise the person to seek private legal advice as to the distribution of disputed property.

Members should accompany the person to the location of the property. Members should ask if the other party will allow removal of the property or whether the other party would remove the property.

If the other party is uncooperative, the person requesting standby assistance should be instructed to seek private legal advice and obtain a court order to obtain the items. Officers should not order the other party to allow entry or the removal of any items. If there is a restraining or similar order against the person requesting standby assistance, that person should be asked to leave the scene or they may be subject to arrest for violation of the order.

If the other party is not present at the location, the member will not allow entry into the location or the removal of property from the location.

### 435.5  VEHICLES AND PERSONAL PROPERTY

Officers may be faced with disputes regarding possession or ownership of vehicles or other personal property. Officers may review documents provided by parties or available databases (e.g., vehicle registration), but should be aware that legal possession of vehicles or personal property can be complex. Generally, officers should not take any enforcement action unless a crime is apparent. The people and the vehicle or personal property involved should be identified and the incident documented.

### 435.6  REAL PROPERTY

Disputes over possession or occupancy of real property (e.g., land, homes, apartments) should generally be handled through a person seeking a court order.

Copyright Lexipol, LLC 2025-01-14, All Rights Reserved.
Published with permission by Taylorville Police Department    ***DRAFT***

# Taylorville Police Department
## Policy Manual

*Civil Disputes*

Copyright Lexipol, LLC 2026/01/14, All Rights Reserved.
Published with permission by Taylorville Police Department
***DRAFT***

Kirsten Nelson, FOIA Officer Taylorville Police Department 108 West Vine Street Taylorville, IL 62568

**Re: Freedom of Information Act Request**

Dear Ms. Nelson:

This is a request for records under the Illinois Freedom of Information Act (5 ILCS 140).

I am requesting copies of all public records regarding an incident that occurred at my residence located at 1019 E Stevenson St on or about 11-29-2025. The incident involved a police response to a civil dispute between myself and a co-owner of the property, resulting in forced entry into my home.

Specifically, I am requesting the following records:

1. **Police Reports:** The complete written incident report, case report, and any supplemental narratives filed by the responding officers.

2. **Body-Worn Camera (BWC) Footage:** Unedited video and audio footage from **all** body-worn cameras of all officers who responded to the scene.

3. **Dispatch Records:** The Computer Aided Dispatch (CAD) report and call logs associated with this incident.

4. **911 Audio:** A copy of the 911 call or non-emergency dispatch recording made by the reporting party (co-occupant) initiating the police response.

This request is for non-commercial purposes. I understand that the Act allows for a response within five (5) business days.

As this request involves a significant invasion of my personal privacy and property rights (forced entry into my home), I request that you provide these records in an electronic format (via email or a secure download link) to minimize costs. If the video files are too large for email, please inform me of the cost to provide them on a physical disc or flash drive.

If you deny any part of this request, please cite the specific exemption you believe applies and provide me with a written explanation for the denial.

Thank you for your prompt assistance.

Sincerely,

Donald R Dennis

 Gmail                          Donald Dennis <ddenn1986@gmail.com>

## Automatic reply: [EXTERNAL] Request for Review - Denial by Silence - Taylorville Police Dept.

**Public Access** <Public.Access@ilag.gov>                Thu, Dec 11, 2025 at 5:09 AM
To: Donald Dennis <ddenn1986@gmail.com>

The Public Access Bureau has received your message, and it will now go through our intake process.

If you have submitted a Request for Review, this office will first review whether you submitted the materials necessary to complete your submission. If you have, this office will analyze whether to take further action, and then either (1) copy you on correspondence that asks the public body to address your allegation(s), or (2) notify you and the public body that this office will take no further action.

Your patience is appreciated as this office carefully reviews your correspondence.

Very truly yours,
Support Staff
Public Access Bureau
Office of the Illinois Attorney General

 Gmail                                    Donald Dennis <ddenn1986@gmail.com>

# NOTICE OF FOIA VIOLATION - 1019 E Stevenson St

**kirsten.nelson@taylorvillepolice.com**                    Fri, Dec 12, 2025 at
<kirsten.nelson@taylorvillepolice.com>                              11:09 AM
To: Donald Dennis <ddenn1986@gmail.com>
Cc: Dwayne Wheeler <dwayne.wheeler@taylorvillepolice.com>, Vince Childers
<vincent.childers@taylorvillepolice.com>

Good Morning,

Attached to this email is the formal response to you from the City of Taylorville Police Department regarding the FOIA request letter dated 12/01/25 that our office received on 12/03/25 via certified mail. Additionally we have attached to this email, the dispatch call log and two audio recordings as they pertain to items #3 and #4 listed in this request.

I was out of the office on 12/10/25 and 12/11/25 due to a family illness and therefore was unable to issue a response to this request.

I will wait for a response from you regarding item #2 of your request.

I do note that a follow up email was received on 12/08/25 separate from your original request letter (received via mail). Your mailed in request did not include an email address for delivery of the digital media (as specifically requested in the letter). In the future, it is important to provide all contact information in the original request. The follow up email on 12/10/25 was helpful in providing a response to you today and it is appreciated.

Thank you,

Kirsten Nelson



[Quoted text hidden]

**4 attachments**

**12.12.25 response letter.pdf**
305K

**25T09412_Redacted.pdf**
70K

**25T09412 PHONE CALL 1.wav**
981K

**25T09412 PHONE CALL 2.wav**
10565K

 Gmail                              Donald Dennis <ddenn1986@gmail.com>

# FOIA Request Follow-Up - 1019 E Stevenson St (Delivered 12/3/2025)

1 message

**Donald Dennis** <ddenn1986@gmail.com>                    Mon, Dec 8, 2025 at 10:12 AM
To: kirsten.nelson@taylorvillepolice.com

**Subject:** FOIA Request Follow-Up - 1019 E Stevenson St (Delivered 12/3/2025)

Dear Ms. Nelson:

I am writing to follow up on a Freedom of Information Act request regarding the incident at **1019 E Stevenson St** on **November 29, 2025**.

My records indicate that the written request sent via Certified Mail was successfully delivered to the Taylorville Police Department on **December 3, 2025**.

Pursuant to 5 ILCS 140/3(d), the statutory five-business-day response period began the day after receipt. By my calculation, the deadline for the Department to respond is **Wednesday, December 10, 2025**.

I am sending this email to ensure the request is being processed and to verify that I will receive the responsive records (specifically the Body Worn Camera footage and Police Reports) by the statutory deadline.

Please let me know if you require any clarification regarding the request.

Sincerely,


Donald R Dennis

217-823-0241

ddenn1986@gmail.com