E-FILED
Friday, 30 October, 2026 01:23:50 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **DONALD R. DENNIS, JR., Plaintiff,** | ) | |
| **v.** | ) | **Case No. 26-cv-3063** |
| **SGT. J.E. WOOD, in his individual and official capacity; OFFICER MATTHEW NICHOLS, in his Individual and official capacity, CITY OF TAYLORVILLE, Defendants.** | ) | |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). The Court also considers whether dismissal is appropriate under Federal Rule of Civil Procedure 41(b). For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

## I. BACKGROUND[1]

Pro se Plaintiff Donald R. Dennis Jr. filed a four-count complaint pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights. On May 18, 2026, Defendants Jeffrey Wood, Matthew Nichols, and the City of Taylorville moved to dismiss the complaint for failure to state a claim. Eleven days after the deadline to respond to the motion expired, Plaintiff filed a Motion for Extension of Time wherein he requested an additional 21 days

[1]Because this matter is before the Court on a motion to dismiss, these allegations are taken from Plaintiff's Complaint.

to file a First Amended Complaint. On June 15, 2026, U.S. Magistrate Judge Quivey granted Plaintiff's motion in part and ordered him to file a response to the motion to dismiss by June 26, 2026. After Plaintiff failed to respond, Defendants filed a Motion for Rule to Show Cause which was granted on July 22, 2026, and Plaintiff was directed to file a notice with the Court by July 27, 2026, that demonstrates good cause for his failure to prosecute or comply with Court Orders. Plaintiff was also informed that the failure to demonstrate good cause may result in the dismissal of the case under Rule 41(b). To date, Plaintiff has failed to submit a response or file a notice.

Plaintiff's Complaint arises out of a police encounter on November 29, 2025, when Defendants Wood and Nichols, in their official capacities as City of Taylorville police officers, allegedly kicked down Dennis's door while he was home after speaking with a co-occupant. Furthermore, Plaintiff alleges that the officers conducted a warrantless search of his home, retrieved his firearm, and then failed to properly secure the weapon. Count I of the Complaint alleges illegal entry into the home as to Defendants Wood and Nichols. Count II alleging illegal seizure of a firearm is directed against Wood and Nichols. Count III alleges a claim for reckless endangerment against Defendants Wood and Nichols. Count IV alleges failure to document as to Defendants Wood, Nichols, and the City of Taylorville.

## II. DISCUSSION

### A. Legal Standard

A plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means providing the defendant with "fair notice" of what it must defend itself against and whether there is some reason to believe it ultimately could be found liable. *Williams v. Dart*, 867 F.3d 625, 638 (7th Cir. 2020). A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when . . . [it] pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570).

Although the Court will liberally construe pro se complaints, those appearing pro se are not absolved from following procedural rules, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir.2008). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedures] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When evaluating whether dismissal under Rule 41(b) is appropriate, courts consider:

> the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and

> disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and . . . the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir. 1993).

**B. Analysis**

The Fourth Amendment ordinarily prohibits the warrantless entry of a person's home as unreasonable. *Georgia v. Randolph*, 547 U.S. 103, 109 (2006). An exception to that rule exists when the officer has the voluntary consent of a person possessing authority to grant entry to the premises in question. *Id.* (citing *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990)). When multiple occupants are involved, the rule extends to the search of the premises or effects of an absent, nonconsenting occupant so long as "the consent of one who possesses common authority over [the] premises or effects" is obtained. *United States v. Matlock*, 415 U.S. 164, 170 (1974). For refusal of a co-tenant to negate consent, the Supreme Court has emphasized that the co-tenant must refuse entry at the threshold, when officers initially seek to enter the premises, while "the potential objector, nearby but not invited to take part in the threshold colloquy, loses out." *Georgia*, 547 U.S. at 114-15. Dennis in the complaint alleges that his co-occupant was in the "breezeway" speaking with the officers and that he "did not know there were officers at the door." (Doc. 1 at 5). According to the facts alleged, Dennis was not at the threshold to deny the officers entry and dispute the co-occupant's consent. Thus, in accordance with *Randolph*, Dennis does not have a plausible claim for illegal entry into the home as alleged in Count I.

Under the set of facts alleged by the Plaintiff relating to the "illegal seizure of a firearm" in Count II, Dennis has not alleged facts sufficient to state a claim. Dennis has not alleged that he owned the firearm and, without this allegation, he lacks standing to sue on Count II. *See Perry v. Village of Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999) ("P[laintiff]'s complaint does not allege that he owned an automobile; therefore, the district court properly found that he did not have standing to assert his notice and opportunity to be heard challenges set forth.").[2] As for Plaintiff's reckless endangerment claim in Count III, Plaintiff points to no authority showing that the Constitution requires an officer to tag a seized firearm into evidence or "secure it." Thus, Plaintiff cannot state a plausible § 1983 claim for reckless endangerment under Count III.

Count IV, which alleges a failure to document claim, is ambiguous and could be construed against either the Officers, the City of Taylorville, or both. If Count IV is asserted against City of Taylorville, *Monell* claims for liability may be made under §1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). A *Monell* claim requires the plaintiff to show that the government entity's policy, practice, or custom resulted in a constitutional violation. *See, e.g., Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). Dennis merely alleges that "Defendant City of Taylorville maintains a policy or custom that allows officers to

---

[2] Even if Plaintiff could establish standing, Plaintiff acknowledges the officers ultimately decided not to seize the firearm and remove it from the home.

conduct forced entries without documenting them in official police reports to avoid accountability." (Doc. 1 at 5). This conclusory allegation does not plausibly allege a *Monell* claim. *See Austin v. Cook County, Illinois*, 2024 WL 3649022, at *2 (7th Cir. 2024) ("A naked allegation that a municipality has a practice of committing constitutional violations is a legal conclusion of *Monell* liability couched as a factual allegation and thus does not, on its own, state a *Monell* claim."). Dennis has not plausibly alleged a specific City policy, custom, or procedure that proximately caused his injuries.

If Count IV is against Defendants' Wood and Nichols, the Constitution does not require police officers to author reports. Authoring a police report may be considered a best practice but, "the Constitution does not require police to follow the best recommended practices. There is a gap, often a wide one, between the wise and the compulsory." *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 442 (7th Cir. 1986). The Court declines to require it in the present case because "to collapse those two concepts is to put the judicial branch in general superintendence of the daily operation of government, which neither the fourth amendment nor any other part of the Constitution contemplates." *Id.*

In addition, the balance of factors set forth in *Ball* weigh in favor of dismissal under Rule 41(b). *See Ball*, 2 F.3d at 759–60. Specifically, the frequency and magnitude of the Plaintiff's failure to comply with deadlines for the prosecution of suit. A case should only be dismissed pursuant to this rule "when there is a clear record of delay or contumacious conduct." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). Plaintiff repeatedly failed to file a response to the pending motion to dismiss, failed to file a timely

response by the extended June 26 deadline, and failed to file notice with the Court in response to the Show Cause Order. This is a clear record of delay and warrants dismissal pursuant to Rule 41(b).

Additionally, Plaintiff has been adequately warned of the potential for dismissal. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006) (holding a warning of dismissal need not come from a judge but could come from defendant requesting dismissal if deemed to contribute to the plaintiff's warning that dismissal was a possibility). The Defendants filed more than one motion requesting the Court to dismiss based on the Plaintiff's failure to respond or provide notice. The Court also warned the Plaintiff of dismissal if he failed to prosecute or comply with court orders.

## III. CONCLUSION

For the reasons stated herein, Defendants Matthew Nichols's, Jeffrey Wood's, and City of Taylorville's Motion to Dismiss (Doc. 9) is GRANTED. Plaintiff's Complaint is Dismissed without Prejudice. Plaintiff may file an Amended Complaint by November 20, 2026. The failure to file an Amended Complaint by that date will result in the dismissal of the case with prejudice.

ENTER: October 30, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE